104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
John GENTILE, Defendant-Appellant.
 No. 96-1293.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Charles P. Sifton, Chief Judge).
 APPEARING FOR APPELLANT: Larry H. Krantz, New York, N.Y.
 APPEARING FOR APPELLEE: Leslie Cornfeld, Asst. U.S. Atty., Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 PRESENT: NEWMAN, Chief Judge. OAKES, and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 John Gentile appeals from the May 6, 1996, judgment convicting him of attempted larceny in violation of 18 U.S.C. §§ 7, 13 (1994) after a jury trial. Gentile claims that evidence of a prior conviction should have been ruled inadmissible because the prior crime was neither sufficiently similar to the current offense nor close enough in time to be probative of predisposition to rebut his defense of entrapment.
 
 
 4
 During February 1995, Gentile was an inmate at the Metropolitan Correctional Center. While incarcerated, he attempted to defraud a fellow inmate, James Adrian, by telling Adrian that in exchange for between $80,000 and $150,000, Gentile would arrange for Adrian's escape from the correctional facility. Apparently, Gentile needed the money to pay off gambling debts. Adrian reported the plan to Government agents who advised him to go along with the plan and to keep them informed.
 
 
 5
 Gentile told Adrian that a corrupt corrections officer, identified as "Frank," would arrange for Adrian's escape through a visiting attorney's room at the correctional facility. They agreed that before the plan was carried out, Adrian's girlfriend would deliver a $50,000 down payment to Frank on a street corner in Brooklyn.
 
 
 6
 Gentile had no intention of planning any escape for Adrian. In fact, "Frank" did not exist. Gentile asked his friend, John DiGiovanni, to dress up like a corrections officer and make the pick-up. When DiGiovanni arrived to pick up the money, he was arrested, and Gentile was subsequently charged.
 
 
 7
 At his trial on attempted larceny, Gentile contended that Adrian had entrapped him in order to obtain a sentencing benefit in his own pending case. To rebut the entrapment defense, the Government sought to introduce evidence of Gentile's 1991 conviction for stealing bearer bonds from the vault of a bank where DiGiovanni worked.
 
 
 8
 The Government had intended to prove the facts surrounding the prior conviction through testimony elicited from DiGiovanni. However, outside the presence of the jury, Chief Judge Sifton suggested that instead of using DiGiovanni's testimony, the Government should introduce an affidavit signed by Gentile and produced by the defense in which Gentile had set forth both the facts of, and his motive for, the prior offense. Gentile's affidavit stated that he stole the bearer bonds because he needed money to pay off gambling debts.
 
 
 9
 To rebut an entrapment defense, the Government is permit-ted to introduce evidence to demonstrate that the defendant was predisposed to commit the offense. United States v. Harvey, 991 F.2d 981, 994 (2d Cir.1993). Evidence of predisposition is admissible only if it shows that the defendant's past conduct is "near enough in kind to support an inference that his purpose included offenses of the sort charged." Id. (citing United States v. Sherman, 200 F.2d 880, 882 (2d Cir.1952)). A trial court's decision to admit predisposition evidence is reviewed for an abuse of discretion. Id.
 
 
 10
 Though lacking the element of intent to defraud, the crime of theft of bearer bonds is "near enough in kind" to the present charge of attempted larceny to support an inference that Gentile was predisposed to obtain money wrongfully, and the District Court did not exceed its discretion in so ruling. The Government's evidence demonstrated that Gentile's motivation for both offenses was his need to make money to pay off gambling debts, and Gentile's partner in the prior offense was the same person who assisted in his commission of the present offense.
 
 
 11
 Even if, as appellant contends, predisposition evidence should be limited to evidence of prior acts that are close in time to the crime charged, as would evidence admissible under Fed.R.Evid. 404(b), there was no abuse of discretion in allowing evidence of a similar crime that was committed four years before the charged crime, especially when the defendant has been incarcerated for two of those four years. Cf. Warren v. Harvey, 632 F.2d 925, 934 (2d Cir.1980).
 
 
 12
 Finally, we reject Gentile's argument that Chief Judge Sifton's suggestion that the Government introduce Gentile's affidavit instead of the testimony of DiGiovanni demonstrated a lack of impartiality that would warrant a new trial. Cf. United States v. Filani, 74 F.3d 378 (2d Cir.1996).
 
 
 13
 The judgment is affirmed.